**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Dorcas Logan, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16 C 9101 |
| | ) | |
| Icon Equities, LLC, a Nevada limited liability company, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Dorcas Logan, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Dorcas Logan ("Logan"), is a citizen of the State of Washington, from whom Defendant attempted to collect a delinquent consumer debt that she allegedly owed for a Citibank credit card, despite the fact that she had exercised her rights, pursuant to the FDCPA, to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Icon Equities, LLC ("Icon"), is a Nevada limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Icon operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Icon was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Icon is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

6. Defendant Icon is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant Icon conducts business in Illinois.

7. Defendant Icon is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant Icon acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

8. Ms. Logan is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a Citibank credit card. At some point in time after that debt became delinquent, Defendant Icon bought/obtained Ms. Logan's Citibank debt, and when Defendant began trying to collect this debt from her, by having its debt collector, Affiliated Credit Services, send her a

collection letter, dated April 4, 2016, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program regarding Defendant's collection actions.

9. Accordingly, on April 13, 2016, one of Ms. Logan's legal aid attorneys at LASPD informed Defendant Icon, through its collection agent, Affiliated Credit Services, that Ms. Logan was represented by counsel, and directed Defendant Icon to cease contacting her, and to cease all further collection activities because Ms. Logan was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

10. Nonetheless, Defendant Icon had another debt collector, Viking Client Services, send Ms. Logan another collection letter, dated May 17, 2016, demanding payment of the Citibank debt. A copy of this letter is attached as Exhibit D.

11. Accordingly, on June 1, 2016, Ms. Logan's LASPD attorney had to send Defendant Icon yet another letter, directing it to cease communications and to cease collections. A copy of this letter is attached as Exhibit E.

12. Defendant's violations of the FDCPA were material because, although Plaintiff had been informed by counsel and believed that she had the right to refuse to pay this debt and to demand the collection communications cease, Defendant's continued collection communications made Plaintiff believe that her demand had been futile and that she did not have the rights Congress had granted her under the FDCPA.

13. Moreover, violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Here, Defendant's actions caused Plaintiff to question whether she was

still represented by counsel as to this debt, which caused stress and confusion as to whether she was required to pay the debt at issue.

14. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

15. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

18. Here, the letter from Ms. Logan's agent/attorney, LASPD, told Defendant Icon to cease communications and cease collections (Exhibit C). By continuing to communicate regarding this debt and demanding payment (Exhibit D), Defendant Icon violated § 1692c(c) of the FDCPA.

19. Defendant Icon's violation of § 1692c(c) of the FDCPA renders it liable for damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

20. Plaintiff adopts and realleges ¶¶ 1-15.

21. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

22. Defendant Icon knew, or readily could have known, that Ms. Logan was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing, that Ms. Logan was represented by counsel, and had directed a cessation of communications with Ms. Logan (Exhibit C). By directly sending Ms. Logan a collection letter (Exhibit D), despite being advised that she was represented by counsel, Defendant Icon violated § 1692c(a)(2) of the FDCPA.

23. Defendant Icon's violation of § 1692c(a)(2) of the FDCPA renders it liable for damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Dorcas Logan, prays that this Court:

1. Find that Defendant Icon's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Logan, and against Defendant Icon, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Dorcas Logan, demands trial by jury.

Dorcas Logan,

By: /s/ David J. Philipps___
One of Plaintiff's Attorneys

Dated: September 20, 2016

David J. Philipps (Ill. Bar No. 06196285)
Mary E. Philipps (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com